# EXHIBIT A



|  | SPONSOR: | Sen. Lockman & Sen. Townsend & Sen. Sturgeon & Rep. Minor-Brown & Rep. Baumbach & Rep. Griffith & Rep. Romer & Rep. Morrison |
|---|---|---|
|  |  | Sens. Gay, S. McBride, Pinkney, Sokola; Reps. Bolden, Chukwuocha, Harris, Heffernan, K. Johnson, Longhurst, Lynn, Neal, Phillips |

DELAWARE STATE SENATE
152nd GENERAL ASSEMBLY

SENATE SUBSTITUTE NO. 1
FOR
SENATE BILL NO. 2
AS AMENDED BY
HOUSE AMENDMENT NO. 2
AND
HOUSE AMENDMENT NO. 6
AND
HOUSE AMENDMENT NO. 10
AND
HOUSE AMENDMENT NO. 11

AN ACT TO AMEND TITLE 11, TITLE 24, AND TITLE 29 OF THE DELAWARE CODE RELATING TO DEADLY WEAPONS.

BE IT ENACTED BY THE GENERAL ASSEMBLY OF THE STATE OF DELAWARE:

Section 1. Amend Subchapter VII, Chapter 5, Title 11 of the Delaware Code by making deletions as shown by strike through and insertions as shown by underline as follows:

§ 1448D. Handgun qualified purchaser permit required to purchase handguns.

(a) For purposes of this section:

(1) "Director" means the Director of the State Bureau of Identification.

(2) "Handgun" means a pistol, revolver, or other firearm designed to be readily capable of being fired when held in 1 hand.

(3) "Qualified law-enforcement officer" means as defined under § 1441A(c) of this title.

(4) "Qualified retired law-enforcement officer" means as defined under § 1441B(c) of this title.

(5) "SBI" means the State Bureau of Identification within the Division of State Police.

(b) The SBI shall, on application, issue a handgun qualified purchaser permit to all of the following:

(1) A person not disqualified under subsection (f) of this section.

(2) A person who the Director determines to be one of the following:

a. A qualified law-enforcement officer.

b. A qualified retired law-enforcement officer.

LC : MJC : CM : 4801520083
LC : HVW : CBM : 5081520151

Released: 03/14/2024  05:56 PM

(c)(1) A person applying for a handgun qualified purchaser permit as a qualified law-enforcement officer or a qualified retired law-enforcement officer is not subject to paragraphs (f)(1) or (4) or subsection (g) of this section.

(2) A person who holds a valid license to carry concealed deadly weapons issued by the Superior Court under § 1441 of this title is not required to apply for a handgun qualified purchaser permit under this section before purchasing a handgun.

(d)(1) A person's application for a handgun qualified purchaser permit must be in the form prescribed by the SBI and include all of the following information about the person:

    a. Name.

    b. Residence.

    c. Employer.

    d. Date of birth.

    e. Sex.

    f. Gender.

    g. Physical description, including distinguishing physical characteristics.

    h. Race.

    i. Ethnicity.

    j. National origin.

    k. English language proficiency.

(2) An application must include a sworn, written affirmation that the person is not prohibited from possessing a firearm under § 1448 of this title or any other provision of state or federal law.

(e) Applications must be made available by the SBI and licensed dealers.

(f) Except as otherwise provided under this chapter, the Director may not issue a handgun qualified purchaser permit to any of the following:

(1) A person under the age of 21.

(2) A person who is prohibited from purchasing, owning, possessing, or controlling a deadly weapon under § 1448 of this title.

(3) If supported by probable cause, a person who poses a danger of causing physical injury to self or others by owning, purchasing, or possessing firearms.

(4) A person who, in the 5 years before the date of application, has not completed a firearms training course that is sponsored by a federal, state, county, or municipal law-enforcement agency; a college; a nationally recognized

organization that customarily offers firearms training; or a firearms training school with instructors certified by a nationally recognized organization that customarily offers firearms training. The firearms training course must consist of at least all of the following:

    a. Instruction regarding knowledge and safe handling of firearms.

    b. Instruction regarding safe storage of firearms and child safety.

    c. Instruction regarding knowledge and safe handling of ammunition.

    d. Instruction regarding safe storage of ammunition and child safety.

    e. Instruction regarding safe firearms shooting fundamentals.

    f. Live fire shooting exercises conducted on a range, including the expenditure of a minimum of 100 rounds of ammunition.

    g. Identification of ways to develop and maintain firearm shooting skills.

    h. Instruction regarding federal and state laws pertaining to the lawful purchase, ownership, transportation, use, and possession of firearms.

    i. Instruction regarding the laws of this State pertaining to the use of deadly force.

    j. Instruction regarding techniques for avoiding a criminal attack and how to manage a violent confrontation, including conflict resolution.

    k. Instruction regarding suicide prevention.

(5) A person who is otherwise prohibited from purchasing or possessing firearms under the law of this State or federal law.

(g) The following persons are exempt from the training requirements of this section:

    (1) Qualified law enforcement officers;

    (2) Qualified retired law enforcement officers;

    (3) Sheriffs and deputy sheriffs if otherwise qualified under this subsection;

    (4) Persons licensed to carry a concealed deadly weapon under § 1441 of this title;

    (5) Federal Firearms Licensees and Delaware Deadly Weapons Dealers licensed and regulated under Chapter 9 of Title 24;

    (6) Armored car guards and security personnel licensed and regulated under Chapter 13 of Title 24;

    (7) Constables commissioned and regulated under Chapter 56 of Title 24;

    (8) Delaware Correctional Officers;

LC : MJC : CM : 4801520083
LC : HVW : CBM : 5081520151
Released: 03/14/2024  05:56 PM

(9) Members of the United States Army, Navy, Air Force, Marine Corps, Space Force, and Coast Guard and the Reserve elements thereof, including members of the Delaware National Guard;

(10) Instructors certified by the National Rifle Association of America;

(11) Persons holding a valid Delaware Hunter Safety certification card;

(12) Competitive shooters holding competitor classification cards issued by the National Rifle Association of America, the International Defensive Pistol Association, the International Practical Shooting Confederation, or the United States Practical Shooting Association.

(h) A person must submit an application for a handgun qualified purchaser permit to the SBI, who shall investigate the application and, unless grounds exist for the denial thereof, grant the handgun qualified purchaser permit within 30 days from the date of receipt of the application.

(1) The SBI shall take the fingerprints of each person who applies for a handgun qualified purchaser permit and compare the fingerprints with any records of fingerprints in this State. The SBI shall conduct a search of the Delaware Criminal Justice Information System to determine if the applicant is prohibited under the law of this State or federal law from purchasing or possessing a firearm. The SBI shall submit the person's fingerprints to the Federal Bureau of Investigation with a request that a search of the National Instant Criminal Background Check System be conducted.

(2)a. In investigating the application, the SBI shall contact the local law-enforcement agencies of the county or municipality in which the person resides and inquire as to any facts and circumstances relevant to the person's qualification for a handgun qualified purchaser permit.

b. If an applicant has resided in the applicant's county or municipality of residence for less than 5 years, the SBI shall contact the local law enforcement agency of each county or municipality in which the applicant has resided for the previous 5 years and inquire as to any facts and circumstances relevant to the person's qualification for a handgun qualified purchaser permit.

(i) If the Director determines that a person does not qualify under subsection (b) of this section for a handgun qualified purchaser permit, the Director shall deny the application and notify the person, in writing, setting forth the specific reasons for the denial.

(j)(1) A handgun qualified purchaser permit is valid for a period of 2 years from the date of issuance.

(2) A handgun qualified purchaser permit must consist of a unique permit number that corresponds to information retained by the SBI and including, at minimum, the following:

a. The full name and address of the person issued the handgun qualified purchaser permit.

  b. The date on which the handgun qualified purchaser permit expires.

  c. Any other information required by state law.

 (3) A person issued a handgun qualified purchaser permit may purchase handguns using the handgun qualified purchaser permit while the handgun qualified purchaser permit is valid.

(k) A handgun qualified purchaser permit is void if, at any time following the issuance of a handgun qualified purchaser permit, any of the following apply to a person issued the handgun qualified purchaser permit:

 (1) The person becomes disqualified for any reason under subsection (f) of this section.

 (2) The person is no longer a qualified law-enforcement officer or a qualified retired law-enforcement officer.

(*l*)(1) The Director may revoke a handgun qualified purchaser permit at any time on a finding that any of the following apply to a person issued the handgun qualified purchaser permit:

  a. The person is disqualified for any reason under subsection (f) of this section.

  b. The person is no longer a qualified law-enforcement officer or a qualified retired law-enforcement officer.

 (2) The Director shall give written notice of revocation without unnecessary delay to the person issued the handgun qualified purchaser permit, the State Police, and local law-enforcement agencies of the county or municipality in which the person resides.

 (3) If the Director has given written notice of revocation and there is probable cause to believe that the person issued the handgun qualified purchaser permit has handguns purchased with the handgun qualified purchaser permit in the person's custody, possession, or control, the State Police or a local law-enforcement agency shall take action to ensure surrender or removal of the handguns.

(m)(1) A person aggrieved by the denial or revocation of a handgun qualified purchaser permit may request a hearing in the Justice of the Peace Court for the county in which the person resides.

  a. The request for a hearing must be made in writing within 30 days of the denial of the application for the handgun qualified purchase permit or the revocation of the handgun qualified purchase permit.

  b. The person shall deliver a copy of the person's request for a hearing to the Director and any chief of police of the county or municipality in which the person resides.

  c. The hearing must be held and a record made thereof within 21 days of the receipt of the application for a hearing by a Justice of the Peace.

  d. A filing fee is not required to obtain a hearing.

  e. The Justice of the Peace Court shall designate a simple form to initiate an appeal.

(2) The Justice of the Peace Court's decision may be appealed to the Superior Court for a hearing de novo. The appeal must be filed within 15 days. The Superior Court shall schedule the de novo hearing within 15 days of the filing of the appeal.

(n) Not later than [1 year after the implementation date of § 1448D of Title 11 within Section 1 of this Act] and annually thereafter, the Director shall submit to the House and Senate committees on the Judiciary a report that includes all of the following, with respect to the preceding year:

(1) The number of applications submitted for a handgun qualified purchaser permit, the number of handgun qualified purchase permits issued, and the number of applications denied.

(2) The number of hearings requested by applicants aggrieved by a denial or revocation of a handgun qualified purchaser permit and the disposition of those hearings.

(3) The number of handgun qualified purchaser permits revoked by the Director.

(4) The number of cases in which the State Police or a local law-enforcement agency has taken action to remove handguns purchased with a handgun qualified purchase permit that was subsequently revoked and the number of handguns recovered.

(5) Demographic data on applicants seeking a handgun qualified purchaser permit, including race, ethnicity, national origin, sex, gender, age, disability, and English language proficiency.

(6) Demographic data on applicants aggrieved by a denial or revocation for a handgun qualified purchaser permit, including race, ethnicity, national origin, sex, gender, age, disability, and English language proficiency.

(o) (1) After a permit has been issued or a denial has become final, SBI may not retain any records relating to the application or permit other than the name and date of birth of the applicant, the date the permit was issued or the denial became final, and the date of the firearms training course completed by the applicant.

(2) Applications and any other information gathered under this section are not "public records" for purposes of the Freedom of Information Act, Chapter 100 of Title 29.

(p) An individual identified under subsection (g) of this section is exempt from the training requirement only if the firearm training undertaken pursuant to their employment meets all the requirements of paragraph (f)(4) of this section.

(q) The SBI may adopt regulations to administer, implement, and enforce this section.

Section 2. Amend § 1448A, Title 11 of the Delaware Code by making deletions as shown by strike through and insertions as shown by underline as follows:

§ 1448A. Background checks and handgun qualified purchaser permit required for sales of firearms.

(a)(1) A licensed importer, licensed manufacturer, or licensed dealer may not sell, transfer, or deliver from inventory any firearm, as defined in § 8571 of this title, to any other person, other than a licensed importer, licensed manufacturer, licensed dealer, or licensed collector, without conducting a background check by the State Bureau of Identification, through the Firearm Transaction Approval Program under subchapter VI of Chapter 85 of this title, to determine whether the transfer of a firearm to any person who is not licensed under 18 U.S.C. § 923 would be in violation of federal or state law.

(2) A transferor may not sell, transfer, or deliver from inventory a handgun to any other person, other than a licensed importer, licensed manufacturer, licensed dealer, or licensed collector, unless the buyer or transferee has a valid handgun qualified purchaser permit issued by the State Bureau of Identification under § 1448D of this title.

(3) For the purposes of this section:

a. "Handgun" means a pistol, revolver, or other firearm designed to be readily capable of being fired when held in 1 hand.

b. "Transferor" means a licensed dealer, licensed manufacturer, or licensed importer, or employee thereof, or any other person who sells, transfers or delivers a firearm.

(f) ~~Any licensed dealer, licensed manufacturer, licensed importer, or employee thereof~~ A transferor who wilfully and intentionally requests a background check from the State Bureau of Identification, through the Firearm Transaction Approval Program under subchapter VI of Chapter 85 of this title, for any purpose other than compliance with subsection (a) of this section, or § 1441(a)(1) or § 1448B(a) of this title, or wilfully and intentionally disseminates any information from the background check to any person other than the subject of such information or discloses to any person the unique identification number is guilty of a class A misdemeanor. The Superior Court has exclusive jurisdiction for all offenses under this subsection.

(h) ~~Any licensed dealer, licensed manufacturer, licensed importer or employee thereof~~ A transferor who wilfully and intentionally sells or delivers a firearm in violation of this section is guilty of a class A misdemeanor. A second or subsequent offense by an individual is a class G felony. The Superior Court has exclusive jurisdiction for all offenses under this subsection.

Section 3. Amend § 1448B, Title 11 of the Delaware Code by making deletions as shown by strike through and insertions as shown by underline as follows and redesignating accordingly:

§ 1448B. Background checks and handgun qualified purchaser permit required for sales of firearms — Unlicensed persons.

(a)<u>(1)</u> An unlicensed person may not sell or transfer any firearm to any other unlicensed person without having conducted a background check through a licensed firearms dealer in accordance with § 1448A of this title and § 904A of Title 24 to determine whether the sale or transfer would be in violation of federal or state law, and until the licensed firearms dealer has been informed that the sale or transfer of the firearm may "proceed" by the State Bureau of Identification, through the Firearm Transaction Approval Program under subchapter VI of Chapter 85 of this title or 25 days have elapsed from the date of the request for a background check and a denial has not occurred.

<u>(2) An unlicensed person may not sell or transfer a handgun to any other unlicensed person unless the potential purchaser or transferee has a valid handgun qualified purchaser permit issued by the State Bureau of Identification under § 1448D of this title.</u>

(b) For purposes of this section:

<u>(1) "Handgun" means a pistol, revolver, or other firearm designed to be readily capable of being fired when held in 1 hand.</u>

<s>(6)</s><u>(7)</u> "Unlicensed person" means any person who is not a licensed importer, licensed <s>manufacturer</s> <u>manufacturer,</u> or licensed dealer.

Section 5. Section 1 of this Act is effective immediately and is to be implemented the earlier of the following:

(1) Eighteen months from the date of the Act's enactment.

(2) The date of publication in the Register of Regulation of a notice by the Director of the State Bureau of Identification that the necessary processes have been established for implementation of the handgun qualified purchaser permit under Section 1 of this Act.

Section 6. Sections 2 through 4 of this Act take effect on the implementation date of Section 1 of this Act.

Section 7. If a provision of this Act or the application of this Act to a person or circumstance is held invalid, the provisions of this Act are severable if the invalidity does not affect the other provisions of this Act that can be given effect without the invalid provision or the application of this Act that can be given effect without the invalid application.