

**KATHLEEN JENNINGS**
ATTORNEY GENERAL

**DEPARTMENT OF JUSTICE**
820 NORTH FRENCH STREET
WILMINGTON, DELAWARE 19801

CIVIL DIVISION (302) 577-8400
CRIMINAL DIVISION (302) 577-8500
FRAUD DIVISION (302) 577-8600
FAX (302) 577-2610

November 5, 2025

**Via E-File and Hand Delivery**

The Honorable Maryellen Noreika
United States District Court for the
District of Delaware
844 North King Street
Wilmington, DE 19801

***Re: Neuberger, et al.* v. *McQueen, et al.*, No. 1:24-cv-00590-MN; *Neuberger, et al.* v.
*Bushweller, et al.*, No. 1:25-cv-01341-MN**

Dear Judge Noreika:

    I write on behalf of Defendants in the above-captioned cases in response to the letter from Plaintiffs dated November 4, 2025 (the ***Letter***). *First*, as discussed below, there are significant procedural problems with Plaintiffs' decision to file a new action rather than operate within their first-filed matter and comply with this Court's order barring them from filing additional Amended Complaints. *Second*, and in any event, the relief Plaintiffs seek should be denied because, among other things, the State's permit-to-purchase system is up and running and Plaintiffs can apply for a permit at any time. *Third*, Defendants are prepared to address these points in an Opposition to Plaintiffs' Motion for Expedited Injunctive Relief (***Motion***), and will do so on an expedited basis, but respectfully request a one business day extension of the deadline to submit their response to Plaintiffs' Motion.

    ***Procedural Deficiencies***. this is Plaintiffs' second case before this Court arising out of the same subject matter. They acknowledge both cases are "related," *see Neuberger, et al. v. Bushweller, et al.*, No. 1:25-cv-01341-MN (***Neuberger II***), Civil Cover Sheet, Dkt. No. 1-8; but they are not just related, they are duplicative. Plaintiffs filed *Neuberger, et al. v. McQueen, et al.*, No. 1:24-cv-00590-MN (***Neuberger I***), in May 2024, asserting facial challenges to Senate Substitute 1 for Senate Bill 2, Delaware's permit-to-purchase statute (***Statute***). Plaintiffs twice amended their Complaint in *Neuberger I*, and the Defendants' motion to dismiss the Second Amended Complaint is pending. *See Neuberger I*, Dkt. No. 42. In *Neuberger I*, the parties stipulated that Plaintiffs "will not seek to further amend their complaint," *Neuberger I*, Dkt. No. 38, at 2, and the Court so-ordered the parties' stipulation on February 19, 2025, *Neuberger I*, Dkt. No. 40 (***Neuberger I Order***).

The Honorable Maryellen Noreika
November 5, 2025

In an apparent attempt to circumvent this Court's order, on Monday, Plaintiffs initiated a second action attacking the Statute on identical grounds, and also filed their Motion for emergency relief. *See Neuberger II*, Dkt. Nos. 1, 3. Plaintiffs wrote to the Court "to explain why a new complaint was filed rather [than] seeking injunctive relief or an amendment in the first action." Letter at 1. According to Plaintiffs, it was necessary to initiate a new action because "significant new developments have arisen." *Id.* Unsurprisingly, Plaintiffs' Letter fails to acknowledge their prior stipulation and the Court's *Neuberger I* Order, or that the two cases are effectively identical. *Compare Neuberger I*, Dkt. No. 39, at 41, *with Neuberger II*, Dkt. No. 1, at 46 (Second Amendment claim); *Neuberger I*, Dkt. No. 39, at 43, *with Neuberger II*, Dkt. No. 1, at 49 (Fourth Amendment claim); *Neuberger I*, Dkt. No. 39, at 51, *with Neuberger II*, Dkt. No. 1, at 57 (void for vagueness claim). Rather than accounting for "significant new developments," the new Complaint improperly adds new parties without going through the requisite process of joinder or consolidation, while still seeking to moot the motion to dismiss pending in *Neuberger I* as if it had been an amended complaint in that action.

Plaintiffs' maneuver is at odds with Plaintiffs' commitments and this Court's order. "[Plaintiffs] ha[ve] no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant[s]." *Walton v. Eaton Corp.*, 563 F.2d 66, 70 (3d Cir. 1977) (citations omitted). *Neuberger I* and *II* (1) take place in the same court; (2) with the same defendants; and (3) involve the same subject matter (the Statute). *See id.* at 71.[1] This is not an "unusual situation." *Letter* at 2. It is not uncommon for parties in this Circuit to seek expedited relief in a preexisting case, and Plaintiffs should do so here. *See, e.g.*, *Berg v. C&H Fin. Servs., Inc.*, No. 1:23-cv-00181-CFC, 2024 WL 1255504, at *2 (D. Del. Mar. 25, 2024) (stating that plaintiff filed the pending motion for a temporary restraining order and preliminary injunction after filing an amended complaint); *Helvetia Coal Co. v. United Mine Workers of Am.*, No. 17-2, 2017 WL 3669415, at *2 (W.D. Pa. Aug. 23, 2017) (stating that plaintiff filed a motion for preliminary injunction after a motion for partial summary judgment).

Plaintiffs have introduced substantial complexity into these matters and should not be permitted to circumvent this Court's prior Order or shortcut the Federal Rules of Civil Procedure. Plaintiffs may not unilaterally declare the State's pending motion to dismiss "moot" and bring the same claims in a new case. For now, Defendants are seeking to ensure the Court has the procedural background of these matters given the Plaintiffs' brief explanation in their Letter. Defendants reserve the right to file appropriate motions to sever, dismiss, or otherwise.

---

[1] The *Neuberger I* Plaintiffs are joined by two additional Plaintiffs in *Neuberger II*, Bridgeville Kenpo Karate, Inc., doing business as BKK Firearms, and Bruce C. Smith, "the owner of BKK [Firearms]." *Neuberger II* Dkt. No. 1 at 10. It appears these parties—sellers of handguns—are differently situated from the original *Neuberger I* plaintiffs, who all seek to purchase handguns. It is not clear how these sellers have any viable Second Amendment claim, which is the only claim asserted as a basis for the Motion. *See* Motion at 2 (only listing Second Amendment claim). As to those original plaintiffs, each alleges he plans to purchase a handgun no sooner than November 28.

The Honorable Maryellen Noreika
November 5, 2025

     ***Substantive Deficiencies.*** Aside from these procedural problems, Defendants expect to be able to establish that the basis for Plaintiffs' Motion—that the State's alleged failure to establish the "infrastructure" necessary to implement the Statute will operate as a de facto "total ban" on the purchase and sale of handguns—is demonstrably inaccurate. In fact, the State has resources in place to issue permits under the Statute and has already issued more than 150 permits to date. Plaintiffs can apply for a permit at any time they wish, and the State is in a position to process their applications.[2] This reality satisfies the limited relief Plaintiffs seek in their Motion. *See* Proposed Order (proposing an injunction until the State can process Plaintiffs' permit applications).

     ***Time to Respond.*** Defendants respectfully request a brief extension to enable them to compile the necessary declaration(s), and to respond to the Court's November 5 Oral Order directing Defendants to address significant constitutional issues in their submission. Specifically, Defendants request an extension from Friday, November 7, 2025, until Monday, November 10, 2025, at 12 pm EST to file their response to Plaintiffs' Motion. Defendants do not request any other change to the Court's scheduling order. Defendants conferred with Plaintiffs and Plaintiffs do not oppose Defendants' request for an extension to November 10, but Plaintiffs request no less than three days to file a reply and an adjustment to the scheduled hearing date to accommodate that change. Defendants are available for a hearing on November 13 or any day thereafter, should the Court require one.

                        Respectfully submitted,

                        */s/ Jennifer Kate Aaronson*

                        Jennifer Kate Aaronson
                        (DE Bar No. 3478)

cc: Clerk of Court (via CM/ECF)
    All Counsel of Record (via CM/ECF)

---

[2] A plaintiff who challenges the lawfulness of an application process without first submitting herself to that process can establish standing only by showing that she was "able and ready" to apply for a benefit, but that application "would be futile." *Ellison v. Am. Bd. of Orthopaedic Surgery*, 11 F.4th 200, 205–06 (3d Cir. 2021) (quoting *Carney v. Adams*, 592 U.S. 53, 66 (2020)).