

Francis G.X. Pileggi
500 Delaware Avenue, Suite 700
Wilmington, Delaware 19801
Francis.Pileggi@lewisbrisbois.com
Direct: 302.655.3667

November 14, 2025

*Via CM/ECF and Hand Delivery*

Hon. Maryellen Noreika
U.S. District Judge
District of Delaware
Unit 19, Room 4324
844 N. King Street
Wilmington, DE 19801-3555

Re:  *Neuberger, et al. v. Bushweller, et al.*, Civil Action No. 1:25-cv-01341-MN

Dear Judge Noreika:

In reply to Your Honor's request at oral argument yesterday, this is a letter with citations to address the rights of a seller of firearms in connection with the Second Amendment. Although there is a lack of uniformity among the circuits, the only binding U.S. Court of Appeals in this matter has provided guidance on the issue.

In our Opening Brief in Support of our Motion for Expedited Injunctive Relief, D.I. 4, at 4, we cited to *United States v. Marzzarella*, 614 F.3d 85, 92 n.8 (3rd Cir. 2010) (rev'd on other grounds, *Bruen*, 597 U.S. 1) ("Commercial regulations on the sale of firearms do not fall outside the scope of the Second Amendment.")

ARIZONA • CALIFORNIA • COLORADO • CONNECTICUT • DELAWARE • FLORIDA • GEORGIA • ILLINOIS • INDIANA • KANSAS • KENTUCKY • LOUISIANA
MARYLAND • MASSACHUSETTS • MINNESOTA • MISSISSIPPI • MISSOURI • NEVADA • NEW JERSEY • NEW MEXICO • NEW YORK • NORTH CAROLINA
OHIO • OREGON • PENNSYLVANIA • RHODE ISLAND • TENNESSEE • TEXAS • UTAH • VIRGINIA • WASHINGTON • WASHINGTON D.C. • WEST VIRGINIA

167075349.1

Hon. Maryellen Noreika
November 14, 2025
Page 2

The Third Circuit in the same case provided the following additional instruction on the issue:

> In order to uphold the constitutionality of a law imposing a condition on the commercial sale of firearms, a court necessarily must examine the nature and extent of the imposed condition. If there were somehow a categorical exception for these restrictions, it follows that there would be no constitutional defect in prohibiting the commercial sale of firearms. Such a result would be untenable under *Heller*.

*Id.*

Also in the Complaint we filed in the instant matter, we provided the following additional relevant citations: *McConnell v. Federal Election Comm'n*, 540 U.S. 93, 252 (2003) (Scalia, J., concurring in part, concurring in judgment in part, and dissenting in part) (The First Amendment "right to speak would be largely ineffective if it did not include the right to engage in financial transactions that are the incidents of its exercise.") Complaint, D.I. 1, at ¶ 33; *Luis v. United States*, 570 U.S. 5, 26 (2016) ("Constitutional rights . . . implicitly protect those closely-related acts necessary to their exercise."); Antonin Scalia & Bryan A. Garner, *Reading Law*: *The Interpretation of Legal Texts* 96 (2012) (When "a text authorizes a certain act, it implicitly authorizes whatever is a necessary predicate of that act.") Complaint at ¶ 94.

Additional Sources

A leading Second Amendment scholar has written that: "Though this question has divided the federal courts, the answer is quite clear: operating a business that provides Second Amendment services is protected by the Second Amendment." David B. Kopel, *Does the Second Amendment Protects Firearms in Commerce?*, 127 HARVARD LAW REVIEW FORUM 6 (April 2014) (copy attached). Professor Kopel discusses in the article a decision from the U.S. District Court for the Northern District of Illinois. That Court ruled that a gun store ban in the City of Chicago violated the Second Amendment, reasoning that it went too far in outlawing the sale of firearms. *Id.* (citing *Ill. Ass'n of Firearms Retailers v. City of Chicago,* 961 F.Supp. 2d 928, 946-947 (N.D. Ill. 2014).

The Tenth Circuit recently held that the regulation of the sale and purchase of firearms is subject to constitutional analysis. *Ortega v. Grisham* 148 F.4d 1134, 1148 (10th Cir. 2025). The Court also noted that other circuits, including the Third Circuit, do not stop at *Bruen's* first step when examining what *Heller* referred to as presumptively lawful restrictions on firearms, such as conditions on the sale of firearms. *Id.* at n.5.

We know what at least one of our nation's founders thought on the topic. Thomas Jefferson wrote, "Our citizens have always been free to make, vend, and export arms. It is the constant occupation and livelihood of some of them." Secretary of State Thomas Jefferson, letter to George Hammond, British Ambassador to the U.S., May 15, 1793 in 7 THE WRITINGS OF THOMAS JEFFERSON 325, 326 (Paul Ford ed., 1904) (rejecting British demand that U.S. forbid individuals from selling arms to the French).[1]

We are happy to provide any additional citations if the Court requests.[2]

Respectfully,

Francis G.X. Pileggi
(Bar No. 2624)

FGXP:mar
Enclosure (article)

cc: Clerk of Court (via CM/ECF)
Jennifer Kate Aaronson, Esquire, Deputy Attorney General (via CM/ECF)
Austin Evers, Esquire (via CM/ECF)
Keith A. Walter, Jr. Esquire (via CM/ECF)
Alexander D. MacMullan, Esquire (via email)

---

[1] We understand that the State will confirm in its letter to the Court today that it will strike sections C, D, and E of the Firearms Training "Guidelines" to address the issue of not following the APA. Striking them does not solve the problem. First, striking those sections leaves open, among other things, what qualifications the training instructors are supposed to have. Second, the State's proposal does not address other regulations it will necessarily promulgate to implement the Permit Bill, including what happens if the SBI "pocket vetoes" an application for the required permit.

[2] Plaintiffs request expedited proceedings in this matter for a trial on the merits and/or briefing on dispositive motions. We will file a formal motion if needed.