

**DEPARTMENT OF JUSTICE**
NEW CASTLE COUNTY
820 NORTH FRENCH STREET
WILMINGTON, DELAWARE 19801

CIVIL DIVISION (302) 577-8400
FAX: (302) 577-6630
CRIMINAL DIVISION (302) 577-8500
FAX: (302) 577-2496
FRAUD DIVISION (302) 577-8600
FAX: (302) 577-6499

**KATHLEEN JENNINGS**
ATTORNEY GENERAL

**–Via E-File and Hand Delivery**

The Honorable Maryellen Noreika
United States District Court for the
District of Delaware
844 North King Street
Wilmington, DE 19801

**Re:**    *Neuberger, et al.* **v.** *Bushweller, et al.*, No. 1:25-cv-01341

Dear Judge Noreika:

On behalf of Defendants in the above-captioned case, I submit the enclosed information following the Court's November 13, 2025 motion hearing and the Court's same-dated minute entry.

**Defendants Agree to Strike Firearms Training Course Guidelines**

The Court expressed concern that even though *these* Plaintiffs had not so alleged, that some individuals could be dissuaded from applying for a permit based on the Guidelines that establish a pre-approval process for trainers and training courses. In order to extinguish any potential misunderstanding, Defendants will strike sections IV.C–E from the Delaware State Police Permit to Purchase Firearms Training Course Guidelines. *See* D.I. 5-1. Defendants commit that the language will be removed from the live webpage (https://dsp.delaware.gov/wp-content/uploads/sites/118/2025/09/Training-Course-Guidelines.pdf) no later than 5:00 p.m. ET today, November 14, 2025. As described in the accompanying Declaration, *see infra*, online content will also be updated to clarify that pre-approval of training courses is not required for a course or an instructor to satisfy the P2P requirements. These changes are also underway, but may require one or two business days to execute.

**Supplemental Declaration Submits New Information for the Court's Benefit**

Defendants' also submit a Supplemental Declaration of Sargeant Jason L. Stevenson (the ***Supplemental Declaration***) to bring four pieces of information to the Court's attention.

First, the Supplemental Declaration clarifies that a training course taken with an instructor that is not listed on the "Approved List of Firearms Training Instructors" found on the Permit to Purchase website will be accepted for the permit application so long as the course meets the

Statute's requirements. Supplemental Declaration at 6. The SBI will contact the applicant and/or instructor to review the instructor's training course curriculum and ensure it comports with the requirements of the Statute. *Id.*

Second, the Supplemental Declaration explains changes that will be made to the Permit to Purchase website to improve useability. *Id.* at 8–10. These changes include, *inter alia*, providing additional information about each instructor on the "Approved List of Firearms Training Instructors" to assist with choosing and contacting an instructor, and clarifying SBI's business hours for purposes of calling the helpline. *Id.* at 9(f), (g). Defendants reiterate that Plaintiffs' declarations filed with their Reply confirm that none of these changes is necessary for Plaintiffs to locate training courses or to apply for and receive a permit, but rather are being made to respond to usability feedback and further explain the application process.

Third, the Supplemental Declaration clarifies that by statute, 11 Del C. § 1448D(h & i), SBI must and will, either grant or deny a permit to purchase within 30 days of submission of a completed application, and will notify the applicant of same, including, if the application is denied, providing the reasons for the denial.

Finally, the Supplemental Declaration provides further confirmation that the P2P system is working based on the experience of a non-exempt Delaware citizen who recently applied for, and received within one day after applying, a permit. *See id.* at 11–23. A copy of the citizen's permit and training certificate are attached to the Supplemental Declaration. *Id.* at Exs. A & B.

## Seller Plaintiffs' Second Amendment Claims Must Fail

Although Defendants reserve the right to seek the Court's leave to file a response to Plaintiffs' letter brief today regarding the Second Amendment claims by Plaintiffs Bruce C. Smith and BKK Firearms (*Seller Plaintiffs*), Defendants submit that sellers have no cognizable Second Amendment "right to sell." Vendors may have other claims under appropriate circumstances, but they have not pleaded any here. This underscores the effect of Plaintiffs' decision to bring this new action blending the buyers in *Neuberger I* with the new seller Plaintiffs here. All Plaintiffs in this action allege undifferentiated Second, Fourth, and Void for Vagueness claims despite distinct circumstances. Defendants, and the Court, are faced with the unnecessary task of parsing what are very different claims and arguments.

As this Court wrote in *Rigby v. Jennings*, in *Heller* "the Supreme Court identified a non-exhaustive list of presumptively lawful regulatory measures that included laws imposing conditions and qualifications on the commercial sale of arms. Such laws comport with the Second Amendment because they affect individuals or conduct unprotected by the right to keep and bear arms. Of course, not every regulation on the commercial sale of arms is presumptively lawful . . . . [A] court necessarily must examine the nature and extent of the imposed condition." 630 F.Supp.3d. 602, 612-13 (D. Del. 2022) (internal citations and quotations omitted). But that examination focused on the impact of individuals to "keep and bear" arms.

3|3

Here, even if the Statute created a system where no firearms could be sold (*à la Heller*)—which it does not—individuals seeking to exercise the right to "keep and bear" would have a claim, not individuals seeking to sell firearms. *See, e.g.*, *Teixeira v. County of Alameda*, 873 F.3d 670, 683 (9th Cir. 2017) ("Nothing in the text of the Amendment, as interpreted authoritatively in *Heller*, suggests the Second Amendment confers an independent right to sell or trade weapons."); *United States v. Chafin*, 423 F. App'x 342, 344 (4th Cir. 2011) ("[The defendant] has not pointed this court to any authority, and we have found none, that remotely suggests that, at the time of its ratification, the Second Amendment was understood to protect an individual's right to sell a firearm. Indeed, although the Second Amendment protects an individual's right to bear arms, it does not necessarily give rise to a corresponding right to sell a firearm."); *United States v. King*, 646 F.Supp.3d 603, 607 (E.D. Pa. 2022) ("Even if the Court assumed that there is an implicit right in the Second Amendment to buy and sell firearms in order to keep and bear arms, that is not the same thing as a right to buy and sell firearms as a regular course of trade or business with the principal objective of livelihood and profit through the repetitive purchase and resale of firearms. In other words, the Second Amendment does not protect the commercial dealing of firearms."); *see also Gazzola v. Hochul*, 645 F.Supp.3d 37, 64-65 (S.D.N.Y. 2022) (holding that "the individual right secured by the Second Amendment [does not] appl[y] to corporations or any other business organizations").

Under the Third Circuit's holding in *Delaware State Sportsmen's Association v. Delaware Department of Safety & Homeland Security*, even *if* the Seller Plaintiffs could argue they have a cognizable Second Amendment right (and have adequately pleaded it in their Complaint and raised in their Motion, which Defendants submit they have not), this Court should be reluctant to enter a preliminary injunction absent extraordinary circumstances where Plaintiffs have made a clear showing on all elements of Rule 65. *See* 108 F.4th 194, 200, 202 (3d Cir. 2024). The foregoing shows they have not done so as a matter of law. On the facts and suggestions of irreparable harm, as noted during the hearing, even if some individuals have difficulty with the P2P process, Seller Plaintiffs retain a broad potential customer base for handguns. For example, there are more than 30,000 Carrying Concealed Deadly Weapon permits authorized in Delaware. *See* Concealed Deadly Weapons, CCDW Granted and Denied Filing Statistics, Del. Sup. Ct., *available at https://courts.delaware.gov/forms/download.aspx?ID=125408.* And the Statute only requires a permit for the purchase of handguns, not other firearms (e.g., shotguns, rifles), firearms accessories, and other weapons that the Seller Plaintiffs may sell. *See generally* Del. C. § 1448D.

Respectfully submitted,

*/s Jennifer Kate Aaronson*
Jennifer Kate Aaronson (#3478)